# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANEY McCANN, | ) | Case No. 1:25-cv-648 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| ILLINOIS TOOL WORKS INC. | ) | |
| d.b.a. PERMATEX, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

In this lawsuit, Plaintiff Brittaney McCann claims racial discrimination. She filed suit in State court, bringing claims under Ohio law. Defendants removed this action to federal court on the theory that Plaintiff fraudulently joined a non-diverse individual Defendant, Katie Craig, to prevent this case from being heard in a federal forum. Plaintiff moves to remand this case to State court, arguing that she states colorable claims against the individual Defendant, which also entitles Plaintiff to an award of fees and costs incurred in the removal proceedings. Defendants oppose returning the case to State court.

## STATEMENT OF FACTS

Plaintiff Brittaney McCann, an African American woman, worked for Permatex from about October 13, 2022 to about November 7, 2022. (ECF No. 1-2, ¶ 1, 7, PageID #11–12.) Ms. McCann alleges that her supervisor, Wendy Spoko, regularly subjected her to racial slurs, including using the "n word," and would refer

to Ms. McCann and other African American employees as "Africans." (*Id.*, ¶¶ 9 & 10, PageID #12.) When Ms. McCann brought these remarks to the attention of another manager, she alleges the other manager told her to "suck it up." (*Id.*, ¶ 11.) Because of these racial slurs, Ms. McCann made multiple complaints to "Defendants" about a racially hostile work environment. (*Id.*, ¶ 12.) Presumably, Ms. McCann made these allegations both to Permatex and to Katie Craig, the human resources manager and a supervisor of Ms. McCann. (*Id.*, ¶ 8.) Other than this allegation, the complaint's operative allegations nowhere mention or references Ms. Craig. Despite her Ms. McCann's complaints, the hostile work environment continued, and Spoko still used racial slurs, including the "n word." (*Id.*, ¶ 13.) Shortly after making her complaints, "Defendants" terminated Ms. McCann. (*Id.*, ¶ 14.)

## STATEMENT OF THE CASE

In February 2022, Plaintiff filed suit in State court. (ECF No. 1-2.) Plaintiff brings five causes of action, all under State law: (I) race discrimination in violation of Section 4112.02(1) of the Ohio Revised Code; (II) retaliation in violation of Section 4112.02(I); (III) hostile work environment in violation of Section 4112.02; (IV) aiding and abetting under Section 4112.02(J); and (V) negligent training, retention, and supervision. (*Id.*, PageID #12–15.) Of these causes of action, Plaintiff brings only two against Ms. Craig: the retaliation claim in Count II and the claim in Count IV for aiding and abetting. (*Id.*, ¶¶ 32–34 & 46–50, PageID #13–15.)

Defendants timely removed the action, asserting that Plaintiff fraudulently joined Ms. Craig as a Defendant. (ECF No. 1, PageID #2.) Accordingly, Defendants

argue the Court has jurisdiction over the case under 28 U.S.C. § 1332. (*Id.*, PageID #3.) Plaintiff moved to remand the case and moved for attorneys' fees, arguing that there is a colorable basis for her claims against Ms. Craig. (ECF No. 5.)

## ANALYSIS

Federal courts have limited jurisdiction, possessing only that power the Constitution and statutes authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996). Further, the federal court has jurisdiction if the matter in controversy exceeds $75,000 and where the controversy is between "citizens of different states." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship, meaning that no plaintiff resides in the same state as any defendant. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if Plaintiffs filed suit here. *See, e.g., Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Courts strictly construe the removal statute and resolve all doubts in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

## I. Fraudulent Joinder

Under the law of this Circuit, fraudulent joinder of non-diverse defendants will not defeat removal based on diversity. *See Alexander v. Electronic Data Sys. Corp.*,

13 F.3d 940, 949 (6th Cir. 1994).  Fraudulent joinder occurs where a complaint names a party against which there is no colorable cause of action.  *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citation omitted).  This standard requires the absence of a reasonable basis in law or fact for the claims asserted:

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . .  One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)); see also *Walker*, 443 F. App'x at 951.

The removing party bears the burden of proving fraudulent joinder with particularity supported by clear and convincing evidence.  *Alexander*, 13 F.3d at 949; *Walker*, 443 F. App'x at 955 n.7.  A defendant may present evidence and not merely rely on the allegations of the complaint.  *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *King v. Centerpulse Orthopedics, Inc.*, No. 1:05-CV-1318, 2006 WL 456478, at *1 (N.D. Ohio Feb. 24, 2006).

Where a defendant presents evidence to support an argument of fraudulent joinder, courts in this Circuit employ a procedure akin to proceedings on a motion for summary judgment to determine whether discrete facts preclude a basis for recovery against the in-State defendants.  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *Walker*, 443 F. App'x at 952–53 (discussing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)).  Because fraudulent joinder arguments arise early in litigation, a summary inquiry limits the evidentiary procedure outlined to identifying "discrete and undisputed

4

facts." *Smallwood*, 385 F.3d at 573. Additionally, courts consider "unchallenged factual allegations." *Walker*, 443 F. App'x at 953 (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Alternatively, a court may analyze fraudulent joinder based on the pleadings, construing them in favor of the plaintiff as it would on a motion to dismiss. *Smallwood*, 385 F.3d at 573.

Consistent with resolving doubts in favor of remand, however, a court must give a plaintiff the benefit of the doubt on all disputes of fact and any ambiguities in the controlling State law. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Moreover, a plaintiff's motive for joining a non-diverse party has no bearing on the analysis. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). For these reasons, the burden of demonstrating fraudulent joinder "is indeed a heavy one." *King*, 2006 WL 456478, at *2 (quoting *Fields v. Reichenberg*, 643 F. Supp. 777, 779 (N.D. Ill. 1986)).

Defendants argue that Plaintiff fails to allege colorable claims against Ms. Craig. In doing so, Defendants present no additional evidence or materials. Therefore, the Court limits its inquiry to the pleadings and papers before it.

### I.A. Retaliation (Count II)

Plaintiff asserts a retaliation claim under Ohio law against both Defendants, Permatex and Ms. Craig. (ECF No. 1-2, ¶¶ 25–34, PageID #13–14.) Section 4112.02(I) of the Ohio Revised Code makes it an unlawful discriminatory practice for "any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section." This language mirrors that of Title VII. *See* 42 U.S.C. § 2000e–3(a). Because of the

5

statutes' similar language and origins, courts recognize that federal law provides the applicable analysis for reviewing retaliation claims under Section 4112.02(I).  *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 541 (6th Cir. 2003) (citing *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St. 2d 192, 196, 421 N.E.2d 128 (1981)).

At the pleading stage a plaintiff is not required to establish a *prima facie* case, but the elements are relevant when considering whether the complaint meet the basic pleading requirements to state a retaliation claim.  *Haire v. Farm & Fleet of Rice Lake, Inc.*, No. 21-cv-10967, 2022 WL 128815, at *7 (E.D. Mich. Jan. 12, 2022).  To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that:  (1) she engaged in protected activity; (2) the defendant knew that she engaged in protected activity; (3) the defendant took an action that was "materially adverse" to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action.  *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) (citations omitted).

Based on the thin allegations in the complaint, construed in her favor at this stage of the proceedings, Plaintiff has failed to make any showing, as Rule 8 requires, that there was any causal connection between Ms. McCan's protected activity of making complaints of racial discrimination and Ms. Craig's participation in Ms. McCann's termination.  At most, Plaintiff merely recites formulaic elements of her claim.  (*See, e.g.*, ECF No. 1-2, ¶ 31, PageID #13.)  In contrast, where she does plead facts, they are not against Ms. Craig.  For example, the complaint alleges that

6

Ms. McCann complained about racial slurs "to another manager"—not Ms. Craig—and specifically complains of Sopko's behavior. (*Id.*, ¶¶ 11 & 13, PageID #12.) Accordingly, the complaint fails to meet the relatively low bar the Rule 8 pleading standard sets to state a claim against Ms. Craig.

Additionally, Count Two claims that "Defendants" retaliated against her. (*Id.*, ¶¶ 32–34, PageID #13–14.) Where a complaint collectively alleges wrongful acts against an individual and a corporate defendant, the allegations fail to state a claim. *Johnson v. DePuy Orthopaedics, Inc.,* No. 1:11 DP 21813, 2012 WL 13054734, at *4 (N.D. Ohio May 30, 2012) (citing *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 WL 949675 at *4–5 (S.D. Tex. Mar. 19, 2012)); *see also Kelly v. Power Home Solar, LLC*, No. 1:24-cv-00209, 2025 WL 712747, at *9 (S.D. Ohio Mar. 5, 2025) (explaining that generic references are insufficient). Because Plaintiff fails to make allegations against Ms. Craig specifically, she fails to state a claim against the individual Defendant.

### I.B.  Aiding and Abetting (Count IV)

Plaintiff also asserts a claim under Section 4112.02(J), aiding and abetting in discriminating and retaliating against her. The extent of these allegations include: Ms. Craig aided in discriminating and retaliating against Ms. McCann; Ms. Craig abetted in discriminating and retaliating against Ms. McCann; Ms. McCann has been damaged by Ms. Craig's aiding or abetting; Ms. Craig's conduct is the cause of Ms McCann's damages; and Ms. Craig acted with malice. (ECF No. 1-2, ¶¶ 46–50, PageID #14–15.) Like the other allegations against Ms. Craig, these assertions

amount to little more than a formulaic recitation of the elements of the cause of action.

Under Ohio law, to aid and abet, a person must "actively participate in, or otherwise facilitate, another's discriminatory act in violation of R.C. 4112.02." *Martcheva v. Dayton Bd. of Educ.*, 2021-Ohio-3524, 179 N.E.3d 687 ¶74; *see also Luke v. Cleveland*, No. 1:02-cv-1225, 2005 WL 2245187, at *8 (N.D. Ohio Aug. 22, 2005) (an aider and abettor is one who knowingly does something which he ought not to do . . . which assists or tends in some way to affect the doing of the thing which the law forbids).

Here, Plaintiff fails to make any showing that Ms. Craig aided and abetted discrimination, retaliation, or both.  The complaint is devoid of any facts or details that would support such a claim against Ms. Craig.  "Conclusory allegations cannot overcome fraudulent joinder." *Julie Maynard, Inc. v. Whatever It Takes Transmissions & Parts*, No. 3:19-cv-238, 2020 WL 1244189, at *4 (S.D. Ohio Mar. 16, 2020).

*          *          *

For the foregoing reasons, the Court determines that Plaintiff has fraudulently joined Defendant Katie Craig.  Defendants have carried their burden of showing that there is no colorable basis for the claims that Plaintiff asserts against Ms. Craig.

## II.    Remedy

Where parties are fraudulently joined, they are dismissed from the lawsuit. *See West v. Visteon Corp.*, 367 F. Supp. 2d 1160, 1165 (N.D. Ohio 2005).  Nor is their citizenship considered for purposes of determining diversity jurisdiction.  *Coyne*, 183

F.3d at 493.  Once Ms. Craig is dismissed, the Court's removal jurisdiction over the case is evident based on the complete diversity of the parties and the amount in controversy.  Finally, because the Court determines that removal was proper and that it has jurisdiction over this dispute, there is no predicate for Plaintiff's motion for an award of attorneys' fees and costs under 28 U.S.C. § 1447(c).

## CONCLUSION

For the forgoing reasons, the Court determines that Defendant Katie Craig was fraudulently joined.  Therefore, the Court **DISMISSES** Defendant Katie Craig. Further, the Court **DENIES** Plaintiff's motion to remand (ECF No. 5).

**SO ORDERED.**

Dated: July 14, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

9